CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

July 20, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

| | | |
|---|---|---|
| **QUANTE DILLARD,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:26CV00320 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **ROANOKE CITY JAIL'S MEDICAL,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Quante Dillard, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, claiming that the jail's medical department failed to provide certain medical treatment and altered his paperwork.  Specifically, he stated that "they wont draw [his] blood again and did not change [his] diet back," "they edited [his] medical paperwork to cover up their mess up they said [he's] allergic to pineapple," and that he was not given the correct dose of his depression medication.  Compl. 2–3, Dkt. No. 1.

The court conditionally filed Dillard's Complaint pending satisfaction of certain requirements, including prepayment of the filing fee or submission of financial information required to proceed in forma pauperis.  Dillard was warned that failure to comply with the court's Order would result in dismissal of this action.

Dillard failed to pay the fee or otherwise respond to the court's Order within the requisite time frame; therefore, the case was dismissed without prejudice.

Dillard has now submitted a letter raising additional concerns with the jail. He claims that inmates with mental health issues are not receiving proper care, deputies are "bringing in drugs and cell phones," the kitchen has rats and roaches, the medical department provides "two . . . doses of the same med within 24 hrs," and female staff are "messing with the inmates." Letter, Dkt. No. 8. Upon review, I construe Dillard's letter as a Motion to Reopen the case and conclude that it must be denied.

Rule 60 of the Federal Rules of Civil Procedure permits courts to relieve a party from a final order and reopen the case under a limited set of exceptional circumstances. Fed. R. Civ. P. 60(b). However, no such circumstances are evident here, considering that Dillard has not complied with the court's prior Order and has asserted new allegations not raised in the Complaint. *See Meyers v. Ratliffe-Walker*, No. 7:22CV00137, 2022 WL 15798696, at *1 n.1 (W.D. Va. Sept. 2, 2022) ("The court will not allow [the plaintiff] to build his claims with piecemeal, partial statements of new facts and ideas in separate motions or responsive pleadings."). If Dillard wants to have all of his allegations considered, he may file a new complaint in a separate civil action and thereafter comply with any conditions prescribed by the court.

Accordingly, it is **ORDERED** that Dillard's Motion, Dkt. No. 8, is DENIED.

ENTER:   July 20, 2026

/s/  JAMES P. JONES
Senior United States District Judge